UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| BENEDICT R. GENCO. | 18-CV-0107-LJV-MJR |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| SARGENT & COLLINS LLP, | |
| Defendant. | |

_____

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable Lawrence J. Vilardo, for hearing and reporting on dispositive motions for consideration by the District Court.  Before the Court is defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 3).  For the following reasons, it is recommended that defendant's motion to dismiss be granted and the complaint dismissed with prejudice.

## RELEVANT FACTS AND BACKGROUND

Plaintiff Benedict Genco ("plaintiff" or "Genco"), who is proceeding *pro se*, filed the instant complaint against the law firm of Sargent & Collins, LLP ("Sargent & Collins" or "defendant") on January 22, 2018.  (Dkt. No. 1).  The allegations in plaintiff's complaint are, in large part, difficult to follow or fully understand.  In light of plaintiff's *pro se* status, the Court has attempted to discern the causes of action asserted.  Plaintiff's claims appear to be premised upon Sargent & Collins' legal representation of his employer, Starpoint

Central School District ("Starpoint"), in or around January of 2017. (*Id.*). Plaintiff contends that, on account of his various disabilities, Starpoint placed him on administrative leave pursuant to Section 72 of the New York State Civil Service Law and forced him to undergo a fitness for duty medical examination. (*Id.*). He claims that by serving as legal counsel to Starpoint during this time, Sargent & Collins also discriminated and retaliated against him on the basis of his disabilities.[1] (*Id.*). Plaintiff alleges that Sargent & Collins contacted the doctor who performed the examination, that they engaged in the "unauthorized disclosure" of his medical records, and that they "assisted" Starpoint in placing him on unpaid leave. (*Id.*). Plaintiff indicates that the nature of his suit against Sargent & Collins is "disability discrimination, retaliation, providing unauthorized medical records and failure to accommodate." Genco's complaint further alleges that: (1) Starpoint failed to accommodate his disability with respect to boiler training; (2) his fitness for duty examination was improper because the doctor who performed the examination was not a physician[2]; and (3) the fitness for duty examination as well as his placement on

---

[1] Genco has filed a separate suit in this Court against Starpoint alleging employment discrimination, retaliation and failure to accommodate in violation of the Americans with Disabilities Act. (*See Genco v. Starpoint Central School District*, Case No. 1:17-CV-01168). Starpoint moved to dismiss plaintiff's *pro se* complaint. Today, the Court issued a Report recommending that Starpoint's motion to dismiss plaintiff's complaint be denied. (Case No. 1:17-CV-01168, Dkt. No. 26). Plaintiff further filed suit, also on a *pro se* basis, against the law firm of Webster Szanyi LLP. (*See Genco v. Webster Szanyi, LLP*, Case No. 1:18-CV-00093). Webster Szanyi, who is representing Starpoint in the course of plaintiff's employment discrimination lawsuit, moved to dismiss the complaint. Today, this Court issued a Report recommending that the complaint against Webster Szanyi be dismissed with prejudice. (*Id.* at Dkt. No. 18). It is also noted that plaintiff filed a previous employment discrimination lawsuit against Starpoint, in this Court, in March of 2013. In February of 2015, the Honorable William M. Skretny granted summary judgment in favor of Starpoint. *See Genco v. Starpoint Central School District*, 1:13-CV-301, 2015 WL 540217 (WDNY Feb. 10, 2015).

[2] The complaint states that Michael P. Santa Maria, Ph.D. performed plaintiff's medical examination. (Dkt. No. 1). Defendant's response papers indicate that Dr. Santa Maria is a board-certified neuropsychologist and that he performed a neuropsychological evaluation and independent medical examination of plaintiff. (Dkt. No. 5).

administrative leave violated the New York State Civil Service Law and the New York State Education Law.  (*Id.*).

On February 20, 2018, Sargent & Collins filed the instant motion to dismiss the complaint on the basis that plaintiff fails to assert any viable claims for relief.  (Dkt. Nos. 3-5).  Plaintiff filed responses in opposition to the motion to dismiss.[3]  (Dkt. Nos. 8, 10).  The responses allege, for the first time, that Sargent & Collins committed the criminal offense of "offering a false instrument for filing" and that their motion to dismiss his complaint was untimely.  Defendant filed a reply in further support of the motion to dismiss on March 29, 2017.  (Dkt. No. 9).  On April 16, 2018, this Court heard oral argument as to defendant's motion to dismiss.[4]

## DISCUSSION

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  In order to state a claim on which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  In reviewing a complaint in the context of a motion to dismiss

---

[3] The allegations and arguments in plaintiff's responses, like those in his complaint, lack clarity or coherence.  His disjointed narrative sets forth a litany of grievances against Starpoint, Sargent & Collins, and Dr. Santa Maria.  He attaches various documents including letters from Sargent & Collins and Starpoint relative to his leave and fitness for duty examination, Dr. Santa Maria's report from his neuropsychological evaluation and independent medical examination, a "transcript" of the medical examination that plaintiff transcribed himself, HIPAA releases provided to Dr. Santa Maria, plaintiff's individualized education plan from when he was enrolled in the Starpoint School District, internet research regarding Dr. Santa Maria's practice and areas of specialty, a decision in a prior federal lawsuit filed by plaintiff against Starpoint, and information regarding the elements of the crime of filing a false instrument.  As best the Court can ascertain, plaintiff's chief complaint against defendant is that by providing legal representation to Starpoint when plaintiff was placed on administrative leave, Sargent & Collins discriminated against him.

[4] Also at that time, this Court heard oral argument as to the motion to dismiss and a request for a filing injunction on behalf of Starpoint in *Genco v. Starpoint Central School District*, and oral argument as to the motion to dismiss in *Genco v. Webster Szanyi LLP*.

3

pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible on its face", *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[]the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Supreme Court has further instructed that "[d]etermining whether a complaint states a plausible claim for relief...requires the...court to draw on its judicial experience and common sense...[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Bell Atl. Corp.*, 550 U.S. at 679.

Additionally, the court must be mindful when an individual is proceeding *pro se*. "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."). However, even a *pro se* complaint will be dismissed if it does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face'." *Ashcroft*, 556 U.S. at 678; *quoting Bell Atl. Corp.*, 550 U.S. at 570.

In reviewing Genco's complaint and response to the motion to dismiss, the Court has accepted as true all factual allegations, drawn all inferences in plaintiff's favor, and held plaintiff's *pro se* pleadings to a less stringent standard than those drafted by an attorney.  Moreover, the Court has attempted to interpret Genco's lengthy, disjointed and confusing allegations and arguments in a manner consistent with a claim or claims upon which relief may be granted.  However, the Court concludes that plaintiff has not stated a claim for relief that is plausible on its face.

Genco alleges that his placement on administrative leave and the requirement that he undergo a fitness for duty examination amounted to disability discrimination by Starpoint, his employer.  He contends that Sargent & Collins also discriminated and retaliated against him based upon his disabilities by providing legal representation to Starpoint at the time these actions were taken.  Indeed, plaintiff cannot maintain a cause of action against Sargent & Collins pursuant to the Americans with Disabilities Act ("ADA").  Title I of the ADA prohibits employers from discriminating against a qualified individual with a disability in regard to any aspect of employment. 42 U.S.C. §12112(a) ("no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to … the hiring, advancement, or discharge of employees … and other terms, conditions, and privileges of employment."). Genco admits in his complaint that he is not a current or former employee of Sargent & Collins.  Therefore, he cannot sue defendant for disability discrimination pursuant to Title I of the ADA.[5]  *See Curry v. Town of Islip*, 13-CV-3597, 2017 U.S. Dist. LEXIS 203382,

---

[5] Likewise, the facts of this lawsuit have nothing to do with the other four titles of the ADA, which prohibit disability discrimination in: (1) access to public services, programs and activities provided by public entities (Title II); (2) access to public accommodations, such as hotels and theaters, provided by private entities (Title III); and (3) telecommunications (Title IV).  *See* 42 U.S.C. §§12101-12213.

\*10 (EDNY Dec. 8, 2017) (*sua sponte* recommendation that plaintiff's ADA claim be dismissed because she was not an employee or a former employee of defendant); *Lauria v. Donahue*, 438 F. Supp. 2d 131, 140 (EDNY 2006) (because plaintiff "was neither an employee, nor former employee of [the company], her claim under the ADA was dismissed."); *Morgenthal v. AT&T*, 97-CIV-6443, 1999 U.S. Dist. LEXIS 4294, at \*4 (S.D.N.Y. 1999) (holding that because the plaintiff was not an employee of the defendant he could not be considered a "qualified individual" under the ADA).

Plaintiff also seems to claim that in providing legal representation to Starpoint and communicating with the doctor who performed the fitness for duty examination, Sargent & Collins "assisted" Starpoint in placing plaintiff on unpaid leave. His complaint further alleges, albeit in a vague and confusing manner, that Starpoint failed to accommodate his disability with respect to a boiler training. However, it is unclear exactly how Sargent & Collins was involved in the alleged failure to accommodate. For the reasons just stated, to the extent that plaintiff is claiming that he suffered adverse employment actions on account of his disabilities during his tenure at Starpoint, his cause of action rests with his employer and not his employer's legal counsel.[6]

Further, even if plaintiff were able to bring a claim against Sargent & Collins under the ADA, Genco's conclusory allegations of discrimination fail to explain how benign

---

[6] Similarly, plaintiff has failed to establish any viable claim for relief against Sargent & Collins based upon his allegations that the doctor who performed the fitness for duty examination was not a physician and that the examination was not performed in accordance with the New York State Civil Service Law or New York State Education Law. Plaintiff acknowledges in his complaint that Starpoint, his employer, placed him on administrative leave and sent him for a medical examination. No cause of action exists against Sargent & Collins for their role in facilitating the medical examination or communicating Starpoint's position to plaintiff or others. *See Hills v. Praxair, Inc.*, 11-CV-678, 2012 U.S. Dist. LEXIS 74125 (WDNY May 29, 2012) (dismissing plaintiff's complaint against the attorneys who represented his employer in defense of plaintiff's EEOC charge because, *inter alia*, statements made in quasi-judicial proceedings, such as arguments submitted in response in an EEOC charge or while representing a client at a hearing, are protected by absolute privilege).

6

actions taken by the law firm in course of representing a client, such as writing letters on behalf of their client or facilitating an independent medical examination and communicating the results, are in any way discriminatory or otherwise connected to plaintiff's disabilities.  *See Iqbal*, 556 U.S. at 678 (Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully harmed-me accusation…[n]or does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal citations and quotations omitted); *Reyes v. Fairfield Props.*, 661 F. Supp.2d 249, 268-269 (EDNY 2009) (conclusory statements that defendants retaliated and discriminated against plaintiff based upon race "do not establish plausibility on [their] face and are insufficient to satisfy even the liberal pleading standards under *Rule 8(a)* and *Iqbal.*").

Genco's allegations that Sargent & Collins was involved in the "unauthorized disclosure" of his medical information also fail to state a claim under federal law.  Even if the Court were to construe these vague allegations as a claim under the Health Insurance Portability and Accountability Act ("HIPAA"), no such cause of action exists here.  Sargent & Collins is not a health care provider and HIPAA does not provide private rights of action to individuals.  *See Mathie v. Lawrence Womack*, 14-CV-6577, 2015 U.S. Dist. LEXIS 11266 (EDNY Jan. 29, 2015) (there is no private right of action under HIPAA and HIPAA enforcement actions are "in the exclusive purview of the Department of Health and Human Services"); *Hunt v. Conry, Simberg, Gannon, Drevans, Abel, Lurvey, Morrow & Schefer, P.A.*, 13-CV-1493, 2013 U.S. Dist. LEXIS 187052 (NDNY Dec. 11, 2013) (dismissing plaintiff's claim that law firm defendant disclosed medical information about

plaintiff during the law suit because "the law firm is certainly not a health care provider, and plaintiff has no private right of action under HIPAA.").

Finally, to the extent plaintiff is attempting to assert causes of action based upon allegations that Sargent & Collins filed an untimely motion to dismiss or offered "a false instrument for filing", his claims lack even an arguable basis in law or fact. Offering a false instrument for filing is a violation of Section 175.35 of the New York State Penal Law, for which there is no private right of action. Furthermore, the record is bereft of evidence that defendant filed any document containing false or fraudulent information. Likewise, no cause of action exists for the untimely filing of a motion to dismiss a complaint nor is the instant motion to dismiss untimely. Genco served the summons and complaint on defendant on January 30, 2018. (Dkt. No. 2). Rule 12 of the Federal Rules of Civil Procedure indicates that a party has twenty-one days to answer or move to dismiss a complaint. *See* Fed. R. Civ. P 12(a). Rule 5 of the Federal Rules of Civil Procedure provides that service is "complete upon mailing." *See* Fed. R. Civ. P. 5(b)(2)(C). Defendant filed the motion and mailed a copy to plaintiff on February 20, 2018, which is twenty-one days after the motion to dismiss was served.

For these reasons, the Court finds that plaintiff has not alleged a claim for relief that is plausible on its face and recommends that the complaint be dismissed. The Court now turns to whether the complaint should be dismissed with or without prejudice. The Second Circuit has advised that "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal citations omitted). However, leave to replead

may be denied where it is apparent that no amendments would cure the deficiencies of the pleading and an attempt to replead would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). *See also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."). Here, the Court cannot identify any allegations in plaintiff's complaint that, even if properly pled, would constitute a viable claim under the law. The deficiencies are substantive in nature and cannot be remedied by amendment or repleading. Therefore, it is recommended that plaintiff's complaint against Sargent & Collins be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, it is recommended that Sargent & Collins, LLP's motion to dismiss the complaint be granted and the complaint dismissed with prejudice. (Dkt. No. 3).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*  See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:   June 1, 2018
         Buffalo, New York

*/s/ Michael J. Roemer*
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge